IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
:
STEVEN BERNSTEIN and                :
CLAIRE BERNSTEIN,                   :
                                    :
           Plaintiffs,              :      CIVIL ACTION
                                    :
      v.                            :
                                    :      No. 12-1490
NATIONWIDE MUTUAL FIRE INSURANCE    :
COMPANY,                            :
                                    :
           Defendant.               :
_____ :

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                **JULY 24, 2012**

Presently before the Court is Defendant, Nationwide Mutual Fire Insurance Company's ("Nationwide"), Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) against Plaintiffs, Steven and Claire Bernstein ("Plaintiffs"). For the reasons stated below, the Motion is denied.

## I.   BACKGROUND

Plaintiffs own a commercial property located at 9909 Northeast Boulevard in Philadelphia, Pennsylvania (the "Property"). The Property consists of an automobile repair facility and two residential apartments that were insured by Nationwide. (Compl. ¶ 6.) Plaintiffs assert that the Property sustained windstorm damage from a tornado which occurred May 18, 2011, and that such damage is covered under an insurance policy (the "Policy") with Nationwide. (Id. ¶ 5.) Plaintiffs state that they notified Nationwide on the date of the loss, and on July 6, 2011, submitted an itemized estimate of losses they sustained. Such an estimate was compiled

by certified public adjusters, Young Adjustment Company ("Young Adjustment"), in the amount of $199,279.94.  (Id. ¶¶ 8-9.)

On August 16, 2011, Nationwide submitted its own estimate of the loss in the amount of $29,099.42.  However, Plaintiffs claim that Nationwide failed to explain the basis for its unreasonably low valuation of the damage, "nor its omission of various elements of the damages sustained in the loss."  (Id. ¶ 11.)  Plaintiffs assert further that on September 2, 2011, through Young Adjustment, they requested Nationwide's participation in an appraisal of the claim pursuant to the Policy and Pennsylvania law which requires that appraisal provisions be included in all fire insurance policies issued in the state.  (Id. ¶ 12.)  However, on October 2, 2011, Nationwide simply issued a check to the Plaintiffs in the amount of $29,099.42, representing its valuation of the loss, and refused to pay the amount submitted by the Plaintiffs.  (Id. ¶¶ 14-15.)  Plaintiffs claim that due to Nationwide's failure to pay the entire loss and submit to an appraisal, they were compelled to institute an action in the Philadelphia Court of Common Pleas called a "Petition to Compel Appraisal and Appoint an Umpire."  (Id. ¶ 16.)

Plaintiffs assert that after they filed this action on March 22, 2012, Nationwide sent them a letter entitled "Partial Denial," which stated for the first time that "[b]ased on our investigation and the information available to us, it appears that a portion of the loss was caused by wear, tear and deterioration attributable to tenants of the premises, which is not covered under the policy." (Id. ¶ 17.)  Plaintiffs allege that this denial on the basis of wear and tear was not only untimely under the Policy, but failed to explain the gross discrepancy between their claim of loss of $199,279.94 and Nationwide's offer to pay only $29,099.42.  (Id.¶ 18.)

Thereafter, on March 23, 2012, rather than respond to Plaintiffs' Petition before the

Philadelphia Court of Common Pleas, Nationwide filed a Notice of Removal to this Court based on diversity of citizenship. On June 7, 2012, Nationwide filed the instant Motion to Dismiss. On June 22, 2012, by stipulation of the parties and Order of this Court, Plaintiffs were granted until July 5, 2012, to file an amended pleading in response to the Motion to Dismiss. Plaintiffs filed a Response to the Motion on July 3, 2012, and filed an Amended Complaint on July 6, 2012. Plaintiffs' Complaint alleges state law causes of action for breach of contract and bad faith pursuant to 42 Pa.C.S.A. § 8321.

## II.  STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted. Fed. R. Civ. P. 12(b)(6); see also Lucas v. City of Philadelphia, No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (citing Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)). In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff. Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly and further defined in Iqbal a two part test to determine whether to grant or deny a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The United States Court of Appeals for the Third Circuit has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint. Wilson v. City of Philadelphia, 415 Fed. Appx. 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations. Iqbal, 556 U.S. at 679. These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8. See Fed. R. Civ. P. 8(a)(2) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief); see also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Where there are well-pleaded facts, courts must assume their truthfulness. Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief. Id. at 679. This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. 544 at 570). This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility.'" Id. (quoting Twombly, 550 U.S. at 557). In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible." Id. at 683; see also Holmes v. Gates, 403 Fed. Appx. 670, 673 (3d Cir.

2010).

### III.  DISCUSSION

Nationwide's Motion to Dismiss is premised on its assertion that the appraisal provision of the Policy provides for an appraisal if the Plaintiffs and Nationwide disagree "on the value of the property or the amount of the loss," and Plaintiffs failed to aver a disagreement on the value of the property or the amount of the loss.  (Def.'s Mot. Dismiss at 1-2.)  Rather, Nationwide argues that Plaintiffs aver a "disagreement regarding the scope of coverage and coverage under the policy, which are not subject to [an] appraisal under the policy."  (Id. at 2.)

However, Nationwide's Motion is now moot and will be denied.  As noted above, by stipulation of the parties and Order of this Court on June 22, 2012, Plaintiffs were granted an extension to file an amended pleading in response to the Motion to Dismiss.  They did so and filed an Amended Complaint on July 6, 2012, alleging state law causes of action for breach of contract and bad faith.  In their Amended Complaint, Plaintiffs no longer ask this Court to order an appraisal and appoint an umpire.  Moreover, the Amended Complaint sufficiently pleads facts to support causes of actions for breach of contract and bad faith in order to withstand a motion to dismiss.  See Twombly, 550 U.S. 544 at 570.  Accordingly, Nationwide's Motion is denied.

An appropriate Order follows.